IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Trenton Bennett, #297683, | ) | |
| | ) | C/A No.: 2:13-cv-2144-JMC-WWD |
| Petitioner, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| v. | ) | |
| Warden, Manning Correctional Institution, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

The Petitioner, Trenton Bennett (Petitioner/Bennett), was last incarcerated at Manning Correctional Institution, a facility of the South Carolina Department of Corrections prior to his release[1].  Petitioner, appearing pro se, filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on August 8, 2013.  Respondent filed a motion for summary judgment on November 14, 2013, along with a return, supporting memorandum and exhibits. (Docs. 14, 15).  An order was filed November 14, 2013, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the motion for summary judgment procedure and the possible consequences if he failed to respond adequately. (Doc. 13).  Petitioner filed a response in opposition on December 20, 2013. (Dkt. 21).

---

[1] At the time he filed the § 2254 Petition, Petitioner was an inmate in state custody.  He has since been released.  Under 28 U.S.C § 2254(a), a United States district court has jurisdiction to entertain petitions for habeas relief only from persons who are "in custody." See Maleng v. Cook, 490 U.S. 488, 490–92, 109 S.Ct. 1923, 104 L.Ed.2d 540 (1989).  While it appears that Petitioner has completed his criminal sentence, it is not clear from the face of his § 2254 Petition whether Petitioner has any probation or community supervision component still to be served on his criminal conviction.  The court is mindful that "[t]he community supervision provision is clearly a collateral circumstance of Petitioner's sentence." Nabtritt v. Eagleton, Civ..A. 9:052926, 2006 WL 1083567 at 10 (April 18, 2006).  For purposes of this Report and Recommendation, it is assumed that Petitioner is still "in custody" on the challenged state criminal conviction.

The case was reassigned to the undersigned on June 6, 2014.  Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2) D.S.C., the undersigned is authorized to review such petitions and submit findings and recommendations to the District Judge.  Hence it appears consideration of the motion is appropriate.

## PROCEDURAL HISTORY[2]

The Petitioner was incarcerated pursuant to an order of commitment from the Clerk of Court of Charleston County.  A Charleston County grand jury indicted Petitioner in April 2009 for possession with intent to distribute (PWID) cocaine base (2009-GS-10-2609) and PWID cocaine base within proximity of a school (2009-GS-10-2610). ( PCR App. at 108–11).  Chad Fuller, Esquire, represented Petitioner on the charges.( PCR App. at 1).  On September 22, 2009, Petitioner pled guilty to both charges before the Honorable Thomas L. Hughston, Jr. (PCR App. at 1–7).  Judge Hughston accepted the plea and sentenced Petitioner to five (5) years imprisonment on

---

[2] The following exhibits have been made part of the record in the instant Petition:
(1) PCR Appendix, containing:
    (a) September 22, 2009, Guilty Plea and Sentencing Hearing Transcript;
    (b) PCR Application;
    (c) Return;
    (d) November 17, 2010, PCR Evidentiary Hearing Transcript;
    (e) Order of Dismissal, denying and dismissing with prejudice the PCR application;
    (f) Indictments;
(2) Notice of Appeal (PCR appeal);
(3) Johnson Petition for Writ of Certiorari (PCR appeal);
(4) Letter from Clerk of Supreme Court, dated January 18, 2012 (PCR appeal);
(5) Pro Se Petition (PCR appeal);
(6) Order from South Carolina Court of Appeals, dated April 3, 2013 (PCR appeal);
(7) Remittitur from South Carolina Court of Appeals, dated April 22, 2013 (PCR appeal);
(8) Exhibits from PCR Evidentiary Hearing (PCR Appeal), containing:
    (a) Exhibit 1, Subpoena to Ninth Circuit Solicitor's Office with attachments;
    (b) Exhibit 2, Subpoena to Charleston County Police Department with attachments;
    (c) Exhibit 3, Subpoena to Charleston City Police Department with attachments;
    (d) Exhibit 4, Subpoena to SLED with attachments;
(9) Lab Report from Charleston Police Department Forensic Services Division, Case Number 0901283.

each charge, to run concurrently. (PCR App. at 7–11). Petitioner did not file a direct

appeal of his conviction or sentence. See (PCR App. at 101).

Petitioner filed an application for post-conviction relief (PCR) on April 6, 2010, in

which he asserted that he was being held in custody unlawfully for the following

reasons:

"Ineffective assistance of counsel as ground for relief, that Applicant pled was not
knowingly and voluntary by Applicant.
.

1. Counsel was ineffective in that he failed to litig on Fourth Amendment
claim that has merit and moved for Frank v. Delaware hearing that Officer
Frierson, Sgt Jenkins and Officer Vargo, knowing and intentionally create
false information in affidavit to establish and finding of probable cause to
asserted Applicant for allege committed allege PWID—cocaine base.

2. Counsel was ineffective in that he failed to litigate an Fourth Amendment
Claim that has merit and moved for Frank v. Delaware hearing that
Officer Frierson, Sgt Jenkins and Officer Vargo knowingly and
intentionally create false information in affidavit to establish and finding
of probable cause to arrested Applicant for allege committed allege
PWID—cocaine base close prox school.

3. Applicant who entered a pled on the advice of the counsel fell below an
objective standar of reasonableness, when counsel failed to litigate a due
process claim when he failed to filed an Motion to quash an defective
indictment that in violation the Law of Gentry Notice.

4. Applicant who entered a pled on the advice of the counsel fell below an
objective standard of reasonableness where counsel was ineffective in that
he failed to filed an Motion to dismissed that indictment that is in violation
of the Law of Brown v. Bailey.

5. Applicant who entered a pled on the advice of the counsel fell below an
objective standard of reasonable where counsel was ineffective in that he
failed to litigate an due process claim when he failed to file an Motion to
dismissed ----------- Indictment, 2009-GS-1002609, PWID -------- cocaine base.

6. Applicant who entered a plea on the advice of the counsel fell below an
objective standard of reasonable where counsel was ineffective in that he
failed to pursue an Motion to suppressed on due process of the
Fourteenth—Amendment ground, when alleged drug was seized, when

3

alleged drug was seized doin an arrest and the State failed to send the drug to Sled for test.

Relevant Excerpts from PCR App. at 13–49 (errors in original).

An evidentiary hearing was held on November 17, 2010, before the Honorable Kristi Lea Harrington. ( PCR App. at 55). John B. Kern, Esquire, represented Petitioner at the hearing.(PCR App. at 55). At the conclusion of the hearing, Judge Harrington took the matter under advisement. (PCR App. at 97–98). By Order filed December 23, 2010, Judge Harrington denied and dismissed the entire application with prejudice and found that Petitioner failed to establish "any constitutional violations or deprivations before or during his guilty plea and sentencing proceedings." (PCR App. at 100–07). Judge Harrington noted that counsel was not deficient in any manner and that Petitioner was not prejudiced by counsel's representation. (PCR App. at 107).

On January 12, 2011, Petitioner filed an appeal from the dismissal of his PCR application. (Attachment 2). Thereafter, on January 11, 2012, Deputy Chief Appellate Defender Wanda H. Carter filed a Johnson[3] Petition for Writ of Certiorari on behalf of Petitioner. (Attachment 3). PCR appellate counsel raised the following single issue in the appeal:

> The PCR court erred in denying petitioner's allegation that his pleas were given involuntarily as he did not understand sentencing consequences because he believed he was charged with a third offense drug charge when in reality the drug charge was a second offense drug charge, which meant he pled guilty without knowledge of the sentencing consequences of the drug charges against him.

---

[3] The Supreme Court of South Carolina "has approved the withdrawal of counsel in meritless post-conviction appeals, provided the procedures outlined in Anders v. California, 386 U.S. 738 (1967), were followed." Johnson v. State, 294 S.C. 310, 310, 364 S.E.2d 201, 201 (1988). The state court adheres to this requirement even though the United States Supreme Court held, in Pennsylvania v. Finley, 481 U.S. 551 (1987), that such procedures are not required. Id.

(Attachment 3, <u>Johnson</u> Petition for Writ of Certiorari at 2).  Along with the Writ, PCR appellate counsel filed a petition to be relieved as counsel.

By a letter dated January 18, 2012, Petitioner was informed that he had forty-five (45) days to file a <u>pro</u> <u>se</u> response to the Petition filed by appellate counsel, and he filed a response on February 28, 2012 (Attachment 4, 5).  On April 3, 2013, the South Carolina Court of Appeals entered an order denying the Petition and granting PCR appellate counsel's request to withdraw.  (Attachment 6).  The Court of Appeals issued the remittitur on April 22, 2013. (Attachment 7).

### GROUNDS FOR RELIEF PRESENTED

Petitioner seeks habeas corpus relief here on the following grounds:

Ground One: Ineffective Assistance of Counsel

Supporting Facts: Counsel was ineffective by allowing the applicant to plead guilty to (PWID) cocaine base and (PWID) proximity of school when the prosecutor didn't have any physical evidence to present at the applicant guilty plea hearing which rendered applicant plea of guilty not knowingly and voluntary made.

Ground Two: Counsel err in ignoring and failing to investigate and suppress evidence or lack of evidence.

Supporting Facts: Had counsel examined the record, he would have found that the state solicitor had no physical evidence or laboratory test result to introduce at trial on the two charges at hand.
.
Ground Three: Counsel erroness advice cause defendant to render an involuntary guilty plea.

Supporting Facts: Counsel gave applicant faulty advice in regards to the evidence which cause the defendant to make a plea that was due to advice of counsel which was incomplete and materially deficient.

Ground Four: Counsel erred by failing to challenge the chain of custody of alleged substance and not demanding a chemical analysis.

Supporting Facts: Had counsel challenge the chain of custody, counsel would have known that a chemical analysis was never done to established illegal substance and by counsel not demanding an independent chemical analysis it denied the applicant right to know of the outcome of the allege drug. By counsel not doing these things to see the lack of evidence there's a reason possibility that applicant would not have plead guilty.

Ground Five: Counsel err in not requesting laboratory test result.

Supporting Facts: Had counsel requested a laboratory test result it would have give applicant enough knowledge to make an intelligent decision as to go to trial or plea.

Ground Six: Counsel erred in the following:
(a) failing to file a motion to have a suppressing hearing.
(b) failing to quash indictment due to lack of evidence.

Supporting Facts: (a) Had counsel file motion to have suppression hearing to suppress evidence concerning Police Officer "sworn statement" to the lack of evidence, it would have gave applicant the knowledge that the state could not present their case alone of Police Officer "sworn statement." (b) Due to the lack of evidence held by state counsel should have move to quash indictment before trial.

Ground Seven: Counsel err in with holding Rule 5 motion.

Supporting Facts: Due to the fact counsel didn't give applicant the Rule 5 motion for his on review of the state evidence to see what could or not the state prosecutor could have present at trial, so the applicant could made a voluntary decision for the best interest. Applicant established this at his PCR hearing and applicant "former trial lawyer" confirmed that applicant didn't receive his Rule 5 until he was incarcerated preparing for his PCR application which hender the applicant from making a voluntary decision.

Ground Eight: Did the PCR court erred in not giving applicant his sixth and Fourteenth amendment right?

Supporting Facts: Due to ponder of evidence that the applicant submitted into evidence at his PCR hearing, the state could not prove without a reasonable doubt that the applicant was guilty of the (2) allege offense violated his right to effective assistance of counsel and his due process.

(Dkt.No. 8-1, Habeas Petition at 5–18 (errors in original)).

Respondent correctly agrees that there are no further state remedies for

Petitioner to pursue, so that all of his grounds presented here are exhausted within the meaning of 28 U.S.C. § 2254(b)(1)(A) and that his petition was filed timely.

## APPLICABLE LAW

### Summary Judgment Standard

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).  "Facts are 'material' when they might affect the outcome of the case, and a 'genuine issue' exists when the evidence would allow a reasonable jury to return a verdict for the nonmoving party."  The News & Observer Publ'g Co. v. Raleigh-Durham Airport Auth., 597 F.3d 570, 576 (4th Cir. 2010) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)).

In ruling on a motion for summary judgment, "'the nonmoving party's evidence is to be believed, and all justifiable inferences are to be drawn in that party's favor.'" Id. (quoting Hunt v. Cromartie, 526 U.S. 541, 552 (1999)); see also Perini Corp. v. Perini Constr., Inc., 915 F.2d 121, 123-24 (4th Cir. 1990).

### Habeas Standard of Review

Since the petition here was  filed after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. Lindh v. Murphy, 521 U.S. 320, 322-23 (1997); Breard v. Pruett, 134 F.3d 615, 618 (4th Cir.1998).  Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication:

1. resulted in a decision that was contrary to, or involved an unreasonable

7

application of, clearly established Federal law, as determined by the
Supreme Court of the United States; or

2. resulted in a decision that was based on an unreasonable determination
of the facts in light of the evidence presented at the State court proceeding.

28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 398 (2000).  "[A] federal habeas

court may not issue the writ simply because that court concludes in its independent

judgment that the relevant state-court decision applied clearly established federal law

erroneously or incorrectly.  Rather, that application must also be unreasonable."

Williams, 529 U.S. at 410. "A state court's determination that a claim lacks merit

precludes federal habeas relief so long as 'fairminded jurists could disagree' on the

correctness of the state court's decision." Harrington v. Richter, 131 S.Ct. 770, 786

(2011) (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)).

Moreover, state court factual determinations are presumed to be correct and the

petitioner has the burden of rebutting this presumption by clear and convincing

evidence. 28 U.S.C. § 2254(e)(1).

## Procedural Bypass

Procedural bypass, sometimes referred to as procedural bar or procedural

default, is the doctrine applied when a petitioner seeks habeas corpus relief based on

an issue he failed to raise at the appropriate time in state court, removing any further

means of bringing that issue before the state courts.  In such a situation, the petitioner

has bypassed his state remedies and, as such, is procedurally barred from raising the

issue in his federal habeas petition. See  Smith v. Murray, 477 U.S. 527, 533, 106 S.Ct.

2661, 91 L.Ed.2d 434 (1986).  The United States Supreme Court has stated that the

procedural bypass of a constitutional claim in earlier state proceedings forecloses

8

consideration by the federal courts. See id.  Bypass can occur at any level of the state

proceedings if a state has procedural rules that bar its courts from considering claims

not raised in a timely fashion. Id.

 As the United States Supreme Court explained:

> ... [State procedural rules promote] not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

Reed, 468 U.S. at 10–11.

Nevertheless, if a federal habeas petitioner can show both (1) " 'cause' for

noncompliance with the state rule" and (2) " 'actual prejudice resulting from the alleged

constitutional violation[,]' " the federal court may consider the claim. Smith, 477 U.S. at

533 (quoting Wainwright v. Sykes, 433 U.S. 72, 84, 97 S.Ct. 2497, 53 L.Ed.2d 594

(1977)).  When a petitioner has failed to comply with state procedural requirements and

cannot make the required showing of cause and prejudice, the federal courts generally

decline to hear the claim. Murray v. Carrier, 477 U.S. 478, 496, 106 S.Ct. 2639, 91

L.Ed.2d 397 (1986).  Further, if the petitioner does not raise cause and prejudice, the

court need not consider the defaulted claim. See  Kornahrens v. Evatt, 66 F.3d 1350,

1363 (4th Cir. 1995).

If a federal habeas petitioner has failed to raise a claim in state court and is

precluded by state rules from returning to state court to raise the issue, he has

procedurally bypassed his opportunity for relief in the state courts and in federal court.

Coleman v. Thompson, 501 U.S. 722, 731–32, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991).

Absent a showing of cause and actual prejudice, a federal court is barred from

considering the claim. Wainwright, 433 U.S. at 87.  In such an instance, the exhaustion

requirement is technically met, and the rules of procedural bar apply. Teague v. Lane,

489 U.S. 288, 297–98, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989); Matthews, 105 F.3d at

915 (citing Coleman, 501 U.S. at 735 n. 1; Teague, 489 U.S. at 297–98; George v.

Angelone, 100 F.3d 353, 363 (4th Cir.1996); Bassette v. Thompson, 915 F.2d 932, 937

(4th Cir.1990)).

Cause and Actual Prejudice

As the requirement of exhaustion is not jurisdictional, this court may consider

claims that have not been presented to the South Carolina Supreme Court in limited

circumstances—where a petitioner shows sufficient cause for failure to raise the claim

and actual prejudice resulting from the failure, Coleman, 501 U.S. at 750, or where a

"fundamental miscarriage of justice" has occurred, Murray, 477 U.S. at 495–96.  A

petitioner may prove cause if he can demonstrate ineffective assistance of counsel

relating to the default, show an external factor hindered compliance with the state

procedural rule, or demonstrate the novelty of a particular claim, where the novelty of

the constitutional claim is such that its legal basis is not reasonably available to the

petitioner's counsel. Id. at 487–89; Reed, 468 U.S. at 16.  Absent a showing of "cause,"

the court is not required to consider "actual prejudice." Turner v. Jabe, 58 F.3d 924, 931

(4th Cir.1995).  If a petitioner demonstrates sufficient cause, however, he must also

show actual prejudice to excuse a default. Murray, 477 U.S. at 492.  To show actual

prejudice, the petitioner must demonstrate more than plain error. Engle v. Isaac, 456

U.S. 107, 134–35, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982).

As an alternative to demonstrating cause for failure to raise the claim, the

10

petitioner must show a miscarriage of justice. To demonstrate a miscarriage of justice, the petitioner must show he is actually innocent. See  Murray, 477 U.S. at 496 (holding a fundamental miscarriage of justice occurs only in extraordinary cases, "where a constitutional violation has probably resulted in the conviction of someone who is actually innocent").  Actual innocence is defined as factual innocence, not legal innocence. Bousley v. United States, 523 U.S. 614, 623, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998).  To pass through this actual innocence standard, the petitioner's case must be truly extraordinary. Murray, 477 U.S. at 496.

## DISCUSSION

A review of the record and relevant case law reveals that the Petition should be denied and this matter ended.

First, while the exhaustion doctrine is satisfied in this case, because no state remedies remain available to re-exhaust the allegations, Petitioner failed to present grounds 4, 5, 6, and 7 to the PCR court and did not get a ruling upon those grounds, rendering those claims procedurally barred from review on the merits here.

Petitioner's grounds 4, 5, 6, and 7 are procedurally barred because they were not properly presented to the South Carolina courts.   These grounds were not raised and ruled upon by the PCR judge and were not available for review pursuant to the Johnson petition though Petitioner raised those issues in his pro se filing. Attachment 5, Pro Se Petition at 14–15.  Consequently, those grounds have been procedurally defaulted and are not available for review on the merits. See, e.g., Marlar v. State, 375 S.C. 407, 408, 653 S.E.2d 266, 266 (2007) ("The failure to specifically rule on the issues precludes appellate review of the issues.")

11

In Coleman v. Thompson, the Supreme Court held "[i]n all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991); see also Picard v. Connor, 404 U.S. 270, 275–76, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971) (stating that to exhaust state remedies, a petitioner's "federal claim must be fairly presented to the state courts" to give the state courts "the first opportunity to hear the claim sought to be vindicated in a federal habeas proceeding.").  If Petitioner can demonstrate cause for the default, he must then demonstrate that he has suffered actual prejudice, requiring a showing of more than "a possibility of prejudice, but ... actual and substantive disadvantage, infecting [the] entire trial with error of constitutional dimensions." Murray v. Carrier, 477 U.S. 478, 494, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986) (citations and internal quotations omitted).  The Petitioner, even in the face of an unexcused procedural default, may still obtain relief on collateral review where he can establish "actual innocence", which means "factual innocence, not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623–24, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998).

In the instant matter, Petitioner is unable to show cause or prejudice for his procedural default or actual innocence to excuse his default.  As a result, grounds 4, 5, 6, and 7 should be dismissed.

Second, grounds 1, 2, and 3[4] are ripe for review on the merits.  These grounds share a common basis in fact; they are ineffective assistance of counsel claims based on counsel's failure to take into consideration or to act upon the alleged lack of "physical evidence" in Petitioner's case.

In ground 1, Petitioner complains counsel was ineffective for allowing him to plead guilty though the prosecution did not have any "physical evidence," which Petitioner claims rendered his guilty plea not knowingly and voluntarily made. (Dkt. 8). In ground 2, Petitioner complains counsel was ineffective for failing to investigate the prosecution's evidence. (Dkt. 8-1 at 6).  In ground 3, Petitioner argued that, "Counsel erroness advice cause defendant to render an involuntary guilty plea" (sic), based on the alleged ineffective assistance of counsel for failure to advise him to go to trial because of the lack of forensic evidence.  The PCR court, in denying relief on these same claims, found "that [Petitioner's] testimony [was] not credible while also finding that counsel's testimony [was] credible." PCR Order at 104.  This was a reasonable factual determination, which supports a conclusion that counsel was not ineffective and that the plea was not involuntary.

"It is beyond dispute that a guilty plea must be both knowing and voluntary."

Parke v. Raley, 506 U.S. 20, 28 (1992); see also Boykin v. Alabama, 395 U.S. 238, 242

---

[4]  The Respondent argued that ground 3, "Counsel erroness advice cause defendant to render an involuntary guilty plea" (sic),  was "overly broad and should be summarily dismissed for lack of specificity". The Court, however, will construe the pro se petition liberally. See Haines v. Kerner, 404 U.S. 519, 520–21 (1972).  The Court construes ground 3 to be based on the alleged ineffective assistance of counsel for failure to advise him to go to trial because of the lack of forensic evidence.  Ground 3 has a common basis in fact with grounds 1 and 2, and it is properly exhausted and ripe for determination on the merits in this action.

To the extent that the Petitioner challenges counsel's advice to him based on any other evidence in his case, such claim was not presented to the PCR court and, therefore, has been procedurally defaulted and is not available for review on the merits.

(1969) (finding a trial court's acceptance of "a guilty plea without an affirmative showing that it was intelligent and voluntary" to be error).  "Waivers of constitutional rights not only must be voluntary but must be knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences." Brady v. United States, 397 U.S. 742, 748 (1970).  What is key to the analysis in reviewing the plea for voluntariness is "'whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.'" Raley, 506 U.S. at 29 (quoting North Carolina v. Alford, 400 U.S. 25, 31 (1970)).

The Supreme Court has affirmed that,

[w]hen a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not . . . [competent].

Tollett v. Henderson, 411 U.S. 258, 267 (1973).  To be entitled to relief on an ineffective assistance claim, Petitioner had to have shown in state court that (1) trial counsel's performance fell below an objective standard of reasonableness, and (2) a reasonable probability exists that but for counsel's error, the result of that proceeding would have been different. Strickland v.Washington, 466 U.S. 668, 687, 694 (1984).

"In the context of a guilty plea, the petitioner must demonstrate that his trial counsel's performance fell below an objective standard of reasonableness and 'that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" Burket v. Angelone, 208 F.3d 172, 189 (4th Cir. 2000) (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985)).

14

The review of ineffective assistance of counsel claims in federal habeas is not simply a new review of the merits; rather, habeas review is centered upon whether the state court decision was reasonable. See 28 U.S.C. § 2254(d).   In addition, each step in the review process requires deference, i.e., deference to counsel and deference to the state court that previously reviewed counsel's actions:

> Establishing that a state court's application of <u>Strickland</u> was unreasonable under § 2254(d) is all the more difficult. The standards created by <u>Strickland</u> and § 2254(d) are both "highly deferential," and when the two apply in tandem, review is "doubly" so.  The <u>Strickland</u> standard is a general one, so the range of reasonable applications is substantial.  Federal habeas courts must guard against the danger of equating unreasonableness under <u>Strickland</u> with unreasonableness under § 2254(d).  When § 2254(d) applies, the question is not whether counsel's actions were reasonable.  The question is whether there is any reasonable argument that counsel satisfied <u>Strickland</u>'s deferential standard.

<u>Harrington v. Richter</u>, 131 S.Ct. 770, 788 (2011) (internal citations omitted).

Further still, the review of ineffective assistance of counsel claims where the charges resulted in a guilty plea require even more deference:

> Hindsight and second guesses are also inappropriate, and often more so, where a plea has been entered without a full trial . . . . The added uncertainty, that results when there is no extended, formal record and no actual history to show how the charges have played out at trial works against the party alleging inadequate assistance.  Counsel, too, faced that uncertainty.  There is a most substantial burden on the claimant to show ineffective assistance.  The plea process brings to the criminal justice system a stability and a certainty that must not be undermined by the prospect of collateral challenges in cases not only where witnesses and evidence have disappeared, but also in cases where witnesses and evidence were not presented in the first place.

<u>Premo v. Moore</u>, 562 U.S. ___, 131 S.Ct. 733, 745–46 (2011).

The disposition of grounds 1, 2, and 3 turns on both Petitioner's and counsel's knowledge of the alleged lack of "physical evidence" in this case and counsel's advice to Petitioner based on that knowledge.  Petitioner testified at the PCR evidentiary hearing that counsel did not talk to him about "the lack of forensic or physical evidence" in his

case when they discussed Petitioner's plea. PCR App. at 90.  According to Petitioner,

he would not have pled guilty if he had known there was no physical evidence against

him. PCR App. at 90.  Counsel, on the other hand, testified at the PCR evidentiary

hearing that Petitioner was aware of the lack of physical evidence against him.[5]  PCR

App. at 69.  Counsel noted that the State was prepared to present testimony of two

officers who observed Petitioner engaging in a hand-to-hand narcotics transaction.[6]

Attachment 1, PCR App. at 65.

---

[5] When counsel was questioned at the PCR evidentiary hearing, he was provided with documents purportedly concerning Petitioner's case that PCR counsel had obtained by issuing a subpoena to the following agencies: the Ninth Circuit Solicitor's Office, the Charleston County Sheriff's Office, the Charleston Police Department, and the South Carolina Law Enforcement Division. See Attachment 8. In reviewing the exhibits presented in the PCR evidentiary hearing, counsel for the Respondent noticed that the materials provided by the Charleston Police Department actually pertain to another case concerning Petitioner, his arrest on April 14, 2009, for possession of cocaine base. See Attachment 8, Exhibit 3. The case number used by the Charleston Police Department for the incident that led to the incarceration that Petitioner challenges in this case, stemming from an arrest on January 24, 2009, is 0901283, not 0906246 as listed on the materials provided by the Charleston Police Department. See Attachment 1, PCR App. at 108–11; Attachment 8, Exhibit 3.

Based on the materials provided to counsel during the PCR evidentiary hearing, it did not appear that the substance confiscated from Petitioner on January 24, 2009, was tested. Attachment 1, PCR App. at 75–77; Attachment 8, Exhibit 3. Respondent's counsel, however, obtained the lab report from the Charleston Police Department, Forensic Services Division, pertaining to the instant case and made it  Attachment 9 to the Return.  Inspection of that document reveals that Petitioner's allegation that the substance taken from him on January 24, 2009, was not tested is incorrect. See Attachment 9. The report shows that the substance seized from Petitioner in the incident designated by case number 0901283 was tested on January 27, 2009, and that the result of the test confirmed that the substance consisted of 5.39 grams of cocaine base. Attachment 9. Therefore, counsel's answers during the PCR evidentiary hearing were the result of an erroneous reliance on materials from another case.

[6] According to counsel's testimony,

The officers observed [Petitioner] at the location on the date attempting to—what they perceived to complete a transaction. They saw a black female approach [Petitioner] and went to ask the two of them what was going on when they noticed what they perceived to be a hand to hand narcotics transaction.

Both fled, and they ended up obviously catching my client and at that point in time they noticed some cocaine base near his left foot.

At that point in time, they charged him with possession with intent to distribute, and there was a park not far away, so he was charged with proximity as well.

Attachment 1, PCR App. at 65.

As to the other evidence against Petitioner, counsel testified that he did not provide Petitioner with a copy of the documents he received from the State in response to his Rule 5 motion, but he reviewed the documents with Petitioner when they met prior to Petitioner's plea hearing. Attachment 1, PCR App. at 71.  Counsel also testified that he discussed with Petitioner the charges he was facing and the evidence that the State had to support those charges, and  counsel explained to Petitioner the various courses of action available. Attachment 1, PCR App. at 64–65.  Counsel testified that he advised Petitioner that if Petitioner pled guilty, Petitioner would waive all prior defenses, including the ability to suppress the officers' testimony.[7]  Attachment 1, PCR App. at 67. With this knowledge, Petitioner "still want[ed] to plead guilty." Attachment 1, PCR App. at 67.

At the plea, Petitioner advised the court that he wished to plead guilty. Attachment 1, PCR App. at 5.  The court and Petitioner then had the following exchange:

Court: Are you really guilty?

Defendant: Yes, sir.

Court: Has anyone promised you anything or threatened you in any way

to get you to plead guilty?

Defendant: No, sir.

Court: Are you pleading guilty then of your own free will?

---

[7]Counsel did not think a suppression hearing would have been successful because it would have come down to a credibility issue between Petitioner, who had a prior record, and the two officers. Attachment 1, PCR App. at 67–68.

> Defendant: Yes, sir.
>
> Court: I ask you again, would you like to have a jury trial?
>
> Defendant: No, sir.
>
> Court: I ask you again, are you really guilty?
>
> Defendant: Yes, sir.

Attachment 1, PCR App. at 6–7.  Following the plea, the State recommended that

Petitioner receive a sentence of seven (7) years. Attachment 1, PCR App. at 7.  After

hearing from counsel and being informed about Petitioner's prior record, the court

sentenced Petitioner to five (5) years for both charges, to run concurrently. Attachment

1, PCR App. at 7–11.

The PCR court found that counsel was not ineffective for allowing Petitioner to

plead guilty despite the alleged lack of forensic evidence. Attachment 1, PCR App. at

105. According to the PCR court's findings,

> Counsel reviewed the evidence with [Petitioner] and explained to him that two
> police officers would testify at trial that they observed [Petitioner] in a hand-to-
> hand narcotics transaction. Counsel also explained to [Petitioner] that his prior
> record would come out if he testified at trial. Moreover, [Petitioner] told counsel
> to "get the best deal they could get him."

Attachment 1, PCR App. at 105.  The PCR court further found that "counsel adequately

conferred with [Petitioner], conducted a proper investigation, and was thoroughly

competent in his representation." Attachment 1, PCR App. at 105.

The record fully and fairly supports the PCR court's factual findings that

Petitioner was aware of the evidence against him[8] when he pled guilty and that counsel conferred with Petitioner regarding the evidence in the State's case against Petitioner. The only evidence to the contrary was Petitioner's own testimony, which the PCR court found to be not credible in light of counsel's testimony at the PCR evidentiary hearing. This is a factual determination entitled to deference in this action. Cagle v. Branker, 520 F.3d 320, 324 (4th Cir. 2008) (citing 28 U.S.C. § 2254(e)(1)) ("[F]or a federal habeas court to overturn a state court's credibility judgments, the state court's error must be stark and clear."); see also, Marshall v. Lonberger, 459 U.S. 422, 434 (1983) ("28 U.S.C. § 2254(d) gives federal habeas courts no license to redetermine credibility of witnesses whose demeanor has been observed by the state trial court, but not by them.").

Petitioner may overcome this presumption of correctness only by showing "'clear and convincing evidence to the contrary.'" Wilson v. Ozmint, 352 F.3d 847, 858–59 (4th Cir. 2003) (quoting Miller-El v. Cockrell, 537 U.S. 322, 240 (2003)). Petitioner has shown no cause to discount this finding, and none is readily apparent.

In sum, the record fully supports that Petitioner entered his plea with full knowledge of the evidence that the State was prepared to present against him. Counsel was not ineffective for his advice, and the plea was not involuntary. The PCR court reasonably rejected Petitioner's allegation of ineffective assistance of counsel.

---

[8]Regardless of the confusion created by PCR counsel's questioning based on irrelevant materials, Petitioner believed at the time of his guilty plea that the State had tested the substance that had been confiscated from him at the time of arrest and that the State had the results of that test to use in their case against him, and, indeed, the State did have such test results confirming that the substance collected from Petitioner was 5.39 grams of cocaine base. See supra note 4. Thus, Petitioner's plea was knowingly made. Petitioner's arguments to the contrary are based on a faulty premise and should fail.

Therefore, Petitioner is not entitled to any relief on these grounds in this § 2254 action.

Third, in ground eight (8), Petitioner challenges the sufficiency of the state post-conviction relief process.  This fails to state a claim upon which relief may be granted.  Habeas relief is restricted to claims alleging an improper application of federal law. 28 U.S.C. § 2254(d)(1) (application shall not be granted unless the claim was based on an improper application of federal law); see also Wilson v. Corcoran, 562 U.S. _____ , 131 S.Ct. 13, 16 (2010).  ("[I]t is only noncompliance with federal law that renders a State's criminal judgment susceptible to collateral attack in the federal courts. The habeas statute unambiguously provides that a federal court may issue the writ to a state prisoner only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.") (internal quotations and citations omitted). Alleged infirmities in a state post-conviction action are matters of state procedure.  They are not matters of federal law that may be addressed in federal habeas action. Bryant v. Maryland, 848 F.2d 492, 493 (4th Cir. 1988); see also Lambert v. Blackwell, 387 F.3d 210, 247 (3d Cir. 2004) (quoting Hassine v. Zimmerman, 160 F.3d 941, 954–55 (3d Cir. 1998)) ("'[T]he federal role in reviewing an application for habeas corpus is limited to evaluating what occurred in the state or federal proceedings that actually led to the petitioner's conviction; what occurred in the petitioner's collateral proceeding does not enter into the habeas calculation.'"); Duff-Smith v. Collins, 973 F.2d 1175, 1182 (5th Cir. 1992) ("[I]nfirmities in state habeas proceedings do not constitute grounds for federal habeas relief. We look only to the trial and direct appeal.").

As ground eight (8) is not cognizable here, Petitioner cannot obtain habeas relief.

20

**CONCLUSION**

Accordingly, for the aforementioned reasons, it is recommended that the

Respondent be granted summary judgment (Dkt. 14) and this matter be dismissed with

prejudice.  It is also recommended that a certificate of appealability be denied.[9]

IT IS SO RECOMMENDED.

WALLACE W. DIXON
UNITED STATES MAGISTRATE JUDGE

August 5, 2014
Charleston, South Carolina


**The parties' attention is directed to the important notice on the next page.**

---

[9]A certificate of appealability "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find the district court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. See Miller-El v. Cockrell, 537 U.S. 322, 327 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-85 (4th Cir. 2001).  In this case, the undersigned recommends concluding that the standard for the issuance of a certificate of appealability has not been met.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).